**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1960**

MBENG AKOH MBU ENOW,

             Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

             Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 23, 2009            Decided: July 17, 2009

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Dismissed in part and denied in part by unpublished per curiam opinion.

Danielle Beach-Oswald, Amy M. Grunder, BEACH-OSWALD IMMIGRATION LAW ASSOCIATES, PC, Washington, D.C., for Petitioner. Michael F. Hertz, Acting Assistant Attorney General, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Arthur L. Rabin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mbeng Akoh Mbu Enow, a native and citizen of Cameroon, seeks review of an order of the Board of Immigration Appeals (Board) affirming the decision of the Immigration Judge (IJ) denying relief from removal. In his petition for review, Enow first argues that the Board erred in finding that he failed to prove that his asylum application was timely filed and that he is thus ineligible for asylum. We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), even in light of the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007); Almuhtaseb v. Gonzales, 453 F.3d 743, 747-48 (6th Cir. 2006) (collecting cases).

Enow also contends that the Board erred in denying his request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Enow failed to make the requisite showing. Likewise, we find that substantial evidence supports the finding that Enow failed to demonstrate that it is more likely than not that he would be tortured if

2

removed to Cameroon.  See 8 C.F.R. § 1208.16(c)(2) (2009).  We therefore uphold the denial of relief under the Convention Against Torture.

Accordingly, we dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART
AND DENIED IN PART
